IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON MEINELT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-311 |
| | § | |
| P.F.CHANG'S CHINA BISTRO, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

The parties have filed two motions shortly before the January 9, 2012 trial. The plaintiff, Jason Meinelt, moved to bifurcate the trial into liability and damages phases. (Docket Entry No. 88). The defendant, P.F. Chang's China Bistro, moved to quash the trial subpoena of Glen Piner. (Docket Entry No. 89).

The basis for the plaintiff's motion to bifurcate is the anticipated testimony of Christobal Ferrer, who works for P.F. Chang's. According to Meinelt, Ferrer will testify about the good-faith efforts P.F. Chang's made to accommodate him after he was diagnosed with cancer. Meinelt argues that this testimony is relevant only to the issue of punitive damages and, if allowed during the liability phase, would be unfairly prejudicial. The court is not persuaded that bifurcation is needed for the reason presented. Ferrer's testimony appears to be relevant to liability as well as punitive damages. *See Scrivner v. Socorro Indep. Sch. Dist.*, 169 F.3d 969, 972 n.5 (5th Cir. 1999) ("Although Scrivner argues that the *Ellerth / Faragher* affirmative defense goes to damages, the Supreme Court itself characterized the defense as a limit to liability.").

P.F. Chang's has moved to quash the trial subpoena issued to Glen Piner, a P.F. Chang's employee. Piner lives approximately 260 miles from Houston. P.F. Chang's argues that the trial

subpoena of Piner is unduly burdensome because he is required to be in court on the day trial begins, even though his testimony is not likely to be presented until later in the trial. Meinelt opposes the motion. Meinelt asserts that he intends to call Piner on the first day of trial. He has also agreed to pay the costs of a reasonably priced hotel room for Piner in the event that he is not called that day or has not concluded his testimony, and if the reason for either rests with him.

Because Piner lives in Texas, where this trial will be held, Meinelt is entitled to subpoena him to trial. *See* FED. R. CIV. P. 45(c)(3)(A)(ii). P.F. Chang's equally is entitled to move to quash this subpoena if requiring Piner to appear at trial subjects him to substantial expense, *see* FED. R. CIV. P. 45(c)(3)(B)(iii), or otherwise works an undue burden on him, *see* FED. R. CIV. P. 45(c)(3)(A)(iv). P.F. Chang's has not asserted that requiring Piner to appear at trial will require him to incur substantial expense. P.F. Chang's instead asserts that the subpoena will present an undue burden.

The motion to quash is denied but the subpoena is modified in one respect. Piner must be present in court at 1:00 p.m. on Monday, January 9, 2011 if Meinelt in fact will call him as the first witness. If not, Piner must be present in court at 9:00 a.m. on Tuesday, January 10.[1]

Meinelt's motion to bifurcate, (Docket Entry No. 88), is denied. P.F. Chang's motion to quash, (Docket Entry No. 89), is denied except as set out above. The court will rule on the pending motions in limine before the voir dire examination begins.

SIGNED on January 4, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[1] Although Meinelt has indicated that the court may need to hear from Piner to rule on the motions in limine, the court does not see the need for his pretrial testimony on the current record.